**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TEDDY ATKINSON,**

                        **Petitioner,**

**-against-**                                    **05-CV-286**

**UNITED STATES OF AMERICA,**

                        **Respondent.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**ORDER TO SHOW CAUSE**

**I.  Background**

Petitioner commenced this action by filing a motion pursuant to 28 U.S.C. § 2255. See dkt. # 1. The motion, and the 32 page memorandum of law that accompanies the motion, indicate that the documents were drafted by "Godfrey G. Brown, Esq., Attorney for the Petitioner, 425 Rodgers Avenue, Brooklyn, NY 11225." See dkt. #1(1); dkt. # 1(2).[1] These documents, that were conventionally filed, were not signed by Attorney Brown as required by Rule 11 of the Federal Rules of Civil Procedure. Attorney Brown does not

---

[1] A search of the New York State Attorney Directory maintained by the New York State Office of Court Administration indicates that Mr. Brown was admitted to practice law in the State of New York in 1996 but that as of April 19, 2005, his registration status is "delinquent." See http://portal.courts.state.ny.us/pls/portal30/INTERNETDB_DEV.INDIV_ATT.SHOW?p_arg_names=v_reg_num&p_arg_values=2888394.

1

appear on the role of the attorneys admitted to practice law in the United States District Court for the Northern District of New York, and he did not submit an application for such admission either on a permanent or *pro hac vice* basis as required by our Local Rules. See N.D.N.Y.L.R. 83.1.

The docket sheet indicates that on April 4, 2005, the United States filed its opposition papers to Petitioner's motion, and served those papers (which consist of 130 pages) on Attorney Brown at 425 Rodgers Avenue, Brooklyn, NY 11225. See dkt. # 4 (certificate of service).  On April 14, 2005, the Court received a letter from Petitioner inquiring of the status of his case and indicating that he had not received any indication that the Government had responded to his petition. See dkt. # 5. On the same date (April 14, 2005), a member of the Court Clerk's Office

> contacted Attorney Godfrey Brown to check on his needed Admission papers, so he may be added as counsel for Plaintiff. Attorney stated he will not be moving for admission and advised Mr. Atkinson to obtain new counsel. Advised Attorney to submit a letter to the Court on this matter.

04/14/05 dkt. entry.

On April 18, 2005, the Court received another letter from Petitioner indicating that he had not received the Government's opposition papers from his attorney, and asked the Court to look into the matter. See dkt. # 5.

2

**II.  Discussion**

When an attorney files a pleading such as a motion pursuant to 28 U.S.C. § 2255, it is presumed that he is appearing on behalf of the litigant in that matter. See N.D.N.Y.L.R. 83.2(a).[2] Once such an appearance is made, an attorney may withdraw only upon an order of the Court. See N.D.N.Y.L.R. 83.2(b).  The failure to seek such an order in a timely fashion could jeopardize the litigant's ability to comply with applicable deadlines. See id.  Further, once an attorney enters a case, he must promptly seek admission to this Court if he is not already admitted in this Court. See N.D.N.Y.L.R. 83.1.

The submission of papers by Attorney Brown in the manner that they were submitted, and the indication that he does not intend to seek admission in this Court or to further represent Petitioner, present serious concerns for the Court that the swift administration of justice is being hindered by Attorney Brown's failure to abide by the rules of this Court and applicable laws.

**III.  Conclusion**

Therefore, in order to avoid any unnecessary delay in this

---

[2] As indicated above, Fed. R. Civ. P. 11(a) requires that the counsel sign papers that he has submitted. Should counsel be of the position that he did not make an appearance in the action because he did not sign the pleadings but merely drafted the documents for Petitioner's *pro se* submission, or that he does not need to be admitted in this Court in order to file a motion, he would be well advised to consult cases that address when an attorney engages in, or aids, the unauthorized practice of law. See e.g. Erbacci, Cerrone and Moriarty, LTD. v. United States, 923 F. Supp. 482, 485 (S.D.N.Y. 1996).

matter, it is hereby

**ORDERED** that within fourteen (14) days of the signing of this Order to Show Cause, Attorney Godfrey G. Brown **shall SHOW CAUSE** why:

(1) He should be relieved as counsel of record in this matter; and

(2) He should not be sanctioned by the Court pursuant to Local Rule 1.1(d) for his conduct.

No appearances are necessary on the return date of this Order to Show Cause.

**IT IS SO ORDERED**

DATED:April 20,2005

Thomas J. McAvoy
Senior, U.S. District Judge

4