**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TEDDY T. ATKINSON,**

      Petitioner,      05-CV-286
                [ 95-CR-232 (S2) ]

  v.

**UNITED STATES OF AMERICA.**

      Respondent.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I. INTRODUCTION**

  This Court previously denied and dismissed Petitioner's application to vacate his judgement or sentence pursuant to 28 U.S.C. § 2255. See 12/28/05 Dec. & Ord. [dkt. # 18]. The Court also denied Petitioner's motion for reconsideration of the Section 2255 decision, and denied him a certificate of appealability. See 10/27/06 Dec. & Ord. [dkt. # 38]. The United States Court of Appeals for the Second Circuit also denied Petitioner's application for a certificate of appealability, and dismissed his appeal. See Mandate, dkt. # 45.

  Petitioner now moves pursuant to Fed. R. Civ. P. 60(b) challenging the validity of his "trial and sentencing" on the grounds that Petitioner's co-defendant in his underlying trial (Jesse M. Carter, Jr.) purportedly swore out an "Affidavit of Criminal Charges by

1

Witness & Victim of Criminal Activity" that Carter sent to the City of New York police Department. The affidavit alleges that the undersigned, as well as "Administrative Judicial Officers and/or Judges (known and unknown) in the United States District Court and the United States Court of Appeals for the Second Circuit," and various Assistant United States Attorneys (including now-U.S. District Judge Gary Sharpe), committed "felonies" by "violating their sworn oath of office to obey the United states Constitution." The basis of Carter's contentions is that the undersigned and the others named in his accusatory instrument took official actions in connection with Carter and Petitioner's prosecution that were in violation of federal substantive and procedural law.

Petitioner appears to argue that Carter's assertions provide a basis for Petitioner to attack his conviction and sentence. The Court is not aware of any prosecution to have resulted from Carter's contentions.

## II.   DISCUSSION

When presented with a Rule 60(b) motion after the denial of a § 2255 motion, courts in the Second Circuit must first determine whether the petitioner is attacking the underlying criminal proceeding, or attacking the subsequent habeas proceeding. See Hines v. United States, 2006 WL 13013 (Jan. 3, 2006)(Scullin, C.J.).[1] Where the Rule 60(b) application challenges "the underlying criminal matter rather than the prior habeas

---

[1] Judge Scullin wrote in Hines:

> In Harris v. United States, 367 F.3d 74 (2d Cir. 2004), the Second Circuit noted that federal district courts must examine Rule 60(b) motions filed in the context of § 2255 applications in order to ascertain whether the claims asserted therein "'relate[ ] to the integrity of the federal habeas proceeding [or] the integrity of the ... criminal trial.' " Id. at 80 (quotation omitted); see also Gitten v. United States, 311 F.3d 529, 531-32 (2d Cir. 2002)).

Hines, 2006 WL 13013, at * 2.

2

proceeding, the Rule 60(b) motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')." Id. (quotation marks and citations omitted); see 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); see also Gonzalez v. Sec'y, Dept. of Corrections, 366 F.3d 1253, 1263 (11th Cir. 2004)(*en banc*)(The category most frequently seen are "second or successive § 2255 motions or § 2254 petitions cross-dressed as Rule 60(b) motions."); Espinal v. U.S., 2006 WL 163179, at *2 (S.D.N.Y. 2006)("[I]n the habeas context, relief under Rule 60(b) is available 'only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.'")(citing Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)).

> Ordinarily, "when a petitioner ignores the 1996 amendment [to § 2255] by filing a second or successive § 2255 petition without first obtaining [Court of Appeals'] authorization, 'the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice.'" Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998)(quoting []Liriano, 95 F.3d at 123). However, where a district court concludes that a Rule 60(b) motion should be construed as a second or successive § 2255 motion, transferring the Rule 60(b) motion to the Second Circuit without notice to the petitioner "risks adverse consequences that [the petitioner] might wish to avoid." Gitten, 311 F.3d at 533.

Hines, at * 2.

Instead, "a proper means for a district court to address a Rule 60(b) motion, which in reality is a second or successive § 2255 motion, is to 'simply deny[ ], as beyond the scope of Rule 60(b), ... the portion believed to present new attacks on the conviction.'" Id. at * 3 (quoting Gitten, 311 F.3d at 534).  That approached will be followed here.

Defendant does not attack the integrity of his prior habeas proceeding in his Rule 60(b) Motion, but rather attacks the underlying criminal proceeding and his subsequent

3

conviction. Consequently, his arguments are in the nature of a second or successive § 2255 petition. Because he has not obtained authorization from the United States Court of Appeals for the Second Circuit for the motion, the entire motion must be denied as beyond the scope of Rule 60(b).

### III.    CONCLUSION

For the reasons stated above, Petitioner's Rule 60(b) Motion, dkt. # 46, is **DENIED**. Further, inasmuch as the Government responded to Petitioner's motion before he filed his motion for "default judgment" [dkt. # 50], that motion is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: August 27, 2009

Thomas J. McAvoy
Senior, U.S. District Judge